IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| JOYCE MORGAN, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION FILE |
| | : No. 2:12-cv-117-WCO |
| EVEREST RECEIVABLE SERVICES, INC., d/b/a ERS Group, a Delaware corporation, | : |
| Defendant. | : |

# COMPLAINT

## INTRODUCTION

1. This is an action for damages against the defendants for violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. and supplemental state law claims.

## SUBJECT MATTER JURISDICTION

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and 1337 (federal question jurisdiction).

3. This court has supplemental jurisdiction under 28 U.S.C. § 1367 to hear Plaintiff's state law claims as they are so related to Plaintiff's federal question claim that they form part of the same case or controversy.).

## PARTIES AND PERSONAL JURISDICTION

4. Plaintiff is a resident of this State, District and Division and is authorized by law to bring this action.

5. Defendant EVEREST RECEIVABLE SERVICES, INC. is a corporation organized under the laws of the State of Delaware.  [Hereinafter, said Defendant is referred to as "EVEREST."]

6. EVEREST transacts business in this state.

7. EVEREST's transactions in this state give rise to the Plaintiff's cause of action.

8. EVEREST is subject to the jurisdiction and venue of this Court.

9. EVEREST may be served by personal service upon its registered agent in the State of Delaware, to wit: Harvard Business Services, Inc., 16192 Coastal Highway, Lewes, DE 19958.

10. Alternatively, EVEREST may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and, as applicable, the laws of the State of Georgia or Delaware.

## FACTS COMMON TO ALL CAUSES

11. EVEREST uses the mails in its business.

12. EVEREST uses telephone communications in its business.

13. The principle purpose of EVEREST's business is the collection of debts.

14. EVEREST regularly collects or attempts to collect debts owed or due, or asserted to be owed or due, another.

15. EVEREST is a debt collector subject to the provisions of the Fair Debt Collection Practices Act.

16. In the course of attempting to collect a consumer debt allegedly due from Plaintiff to a business not a party to this litigation, EVEREST communicated with Plaintiff in a manner which violated the Federal Fair Debt Collection Practices Act.

17. The alleged debt allegedly arose from personal credit account.

18. The alleged debt which EVEREST attempted to collect from the Plaintiff was incurred for personal, family or household purposes.

19. During the 12 months directly preceding the filing of this complaint, EVEREST made telephone communications to Plaintiff.

20. It is the practice and procedure of EVEREST not to leave its business name in telephone voice mail communications to consumers such as Plaintiff.

21. It is the practice and procedure of EVEREST not to identify itself as a debt collector in telephone voice mail communications to consumers such as Plaintiff.

22. It is the practice and procedure of EVEREST not to disclose the purpose of the call in telephone voice mail communications to consumers such as Plaintiff.

23. In at least three telephone voice mail communication sent to Plaintiff, EVEREST did not meaningfully disclose its identity.

24. In at least three telephone voice mail communication sent to Plaintiff, EVEREST did not state that the communication was from a debt collector.

25. In at least three telephone voice mail communication sent to Plaintiff, EVEREST did not state that the purpose of the communication was an attempt to collect a debt.

26. EVEREST also stated that they were going to take actions such as employment verification against Plaintiff.

27. The threat to contact the Plaintiff's employer to verify employment was a threat of an action that was not intended.

28. The threat to contact the Plaityff's employer to verify employment was an act that could not be taken as they knew the location of the plaintiff and any subsequent contact with a third party, including the employer of Plaintiff, would be illegal.

29. EVEREST's ordinary course of business conduct violates multiple sections of the FDCPA.

30. EVEREST's policy for leaving messages with consumer debtors is intentional.

31. Alternatively, EVEREST's policy for leaving messages was measured and calculated.

32. Defendant's communications violate the Fair Debt Collection Practices Act.

33. Plaintiff has complied with all conditions precedent to bring this action.

## CAUSES OF ACTION

## COUNT ONE-FAIR DEBT COLLECTION PRACTICES ACT

34. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act.

35. Defendant's violations of the FDCPA include, but are not limited to, the following:

36. The placement of telephone calls without meaningful disclosure of the caller's identity, in violation of 15 U.S.C. § 1692d(6);

37. The use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e and e(10);

38. The threat to take action that could not be legally taken or was not intended to be taken, in violation of 15 U.S.C. § 1692e(5); and

39. The failure to disclose in subsequent communications that the communication is from a debt collector, in violation of 15 U.S.C. § 1692e(11).

40. As a result of Defendant's actions, Plaintiffs are entitled to an award of statutory damages, as well as an award of costs and attorney fees.

## COUNT TWO: GEORGIA FAIR BUSINESS PRACTICES ACT

41. Defendants' actions constitute violations of Georgia's Fair Business Practices Act, including but not limited to, the use of unfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce.

42. As a result of defendants' actions, Plaintiff is entitled to an award of 1) actual damages, including general damages for worry, concern, anxiety and emotional distress, 2) treble damages, 3) exemplary damages, as well as 4) an award of costs and attorney fees.

WHEREFORE, PLAINTIFFS RESPECTFULLY PRAY THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFFS, AS FOLLOWS:

a) That Plaintiffs be awarded statutory, treble, exemplary and actual damages;

b) That Plaintiffs be awarded the expenses of litigation including a reasonable attorney fee;

c) That the Court declare each and every defense raised by Defendant to be insufficient; and

d) That the Court grant such further and additional relief as is just in the circumstances.

SKAAR & FEAGLE, LLP

by: /s/ James M. Feagle
James M. Feagle
Georgia Bar No. 256916
jimfeagle@aol.com
108 East Ponce de Leon Avenue
Suite 204
Decatur, GA 30030
404 / 373-1970
404 / 601-1855 fax

Kris Skaar

Georgia Bar No. 649610
krisskaar@aol.com
Justin T. Holcombe
Georgia Bar No. 552100
jholcombe@skaarandfeagle.com
P.O. Box 1478
331 Washington Ave.
Marietta, GA 30061-1478
770 / 427-5600
404 / 601-1855 fax